# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANGELIQUE M. M. BROWN,           )
                                 )
                    Plaintiff,   )
                                 )
vs.                              )   Case No. 07-cv-0256-MJR
                                 )
EAST ST. LOUIS SCHOOL DISTRICT   )
# 189, PRINCESS HAYES and        )
THERESA SAUNDERS,                )
                                 )
                    Defendants.  )

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

On April 16, 2007, the Court held in abeyance its ruling on Plaintiff Angelique Brown's motion to proceed in forma pauperis (Doc. 2) and directed Brown to submit additional information in support of her motion.

On May 7, 2007, Brown complied with the Court's Order and submitted additional information as follows: in 1999, Brown was granted legal guardianship of two individuals who have now obtained their majority. Brown states that both individuals remain dependent upon her and that one is petitioning for disability because of a chronic seizure disorder.

Based upon all of the information provided by Brown, the Court finds that her allegation of poverty is true. Her request for pauper status survives scrutiny under **28 U.S.C. § 1915(e)(2)(A)**, and the Court proceeds to screen her complaint under **§ 1915(e)(2)(B)**.

**28 U.S.C. § 1915(e)(2)(B)** instructs the district courts to dismiss cases where "the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." **28 U.S.C. § 1915(e)(2)(B)**.

Brown's action is not malicious, nor does it appear at this time to be "frivolous."  *See, e.g., Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000) (noting that a frivolous claim is a "claim that no reasonable person could suppose to have any merit")**.  It is also not apparent at this time that she has sued an immune defendant.

Therefore, the final question under **§ 1915(e)(2)(B)** is whether Brown has stated a claim upon which relief can be granted.  In determining whether a complaint states a claim, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *DeWalt v. Carter*, **224 F.3d 607, 612 (7th Cir. 2000),** *citing Strasburger v. Board of Educ.*, **143 F.3d 351, 359 (7th Cir. 1998),** *cert. denied*, **525 U.S. 1069 (1999).**  A complaint should be dismissed for failure to state a claim only if "no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Id., quoting Nance v. Vieregge*, **147 F.3d 589, 590 (7th Cir.),** *cert. denied*, **525 U.S. 973 (1998).**

The Court liberally construes Brown's complaint as alleging that Defendants denied her an interview and consideration for a teaching position because of her race and sex.  Brown contends that Defendants' proffered reason, that she had been convicted of a felony, was merely a pretext for discrimination, in violation of the **Civil Rights Act of 1964, § 701** *et seq.*, **42 U.S.C.A. § 2000e** *et seq*. ("Title VII").

Title VII plaintiffs must satisfy the following administrative requirements before bringing a claim in a federal district court: 1) file a charge with the Equal Employment Opportunities Commission ("EEOC") encompassing all claims the plaintiff may eventually raise in court; 2) file the charge within 180 days of the discriminatory action; 3) receive a right-to-sue letter; and 4) file a complaint in court within 90 days of receiving the right-to-sue letter. *Finley v. Illinois Dept. of Public*

*Aid*, **1998 WL 26156, \*3 (7th Cir. 1998) (internal citations omitted)**.

Brown states that she filed a charge before the EEOC and that she received a right-to-sue letter on January 10, 2007. However, Brown has not attached a copy of her right-to-sue letter to her complaint but instead has attached her Illinois Department of Human Rights charge of discrimination form. Plaintiff's Complaint, Exhibit A. Brown's assertion that she received a right-to-sue letter and timely filed this action is sufficient to survive threshold review. *See id*.

Accordingly, accepting as true all well-pleaded allegations and drawing all reasonable inferences in Brown's favor, the Court finds that she has sufficiently alleged a claim upon which relief can be granted. Thus, the final question having been answered in the affirmative, Brown's case survives review under **§ 1915(e)(2)**, and she is entitled to pauper status.

Brown moves for appointment of counsel (Doc. 3). Indigent civil litigants have no constitutional or statutory rights to be represented in federal court. ***McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982)**. Certain factors must be considered by the Court in determining whether appointment of counsel is warranted in a civil case. Those factors include the merits of the indigent's claim for relief, the indigent's ability to investigate the facts without the assistance of counsel, and the complexity of the legal issues presented by the case. *See, e.g., **Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981).**

Before assessing these factors, however, the Court must ascertain "if the indigent has made reasonable efforts to retain counsel and was unsuccessful or . . . was effectively precluded from making such efforts." ***Jackson v. County of MacLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). See also *Farmer v. Haas*, 990 F.3d 319, 321 (7th Cir. 1993) (In discussing whether the district court had erred in appointing a lawyer for a civil litigant, the Court of Appeals stated: "Had the**

**motion been made after *Jackson* . . . , the judge would have been required to deny it out of hand unless Farmer had made some effort to secure a lawyer in the private market.").**

Brown's motion contains no indication that she attempted, on her own, to hire a lawyer. Because the record discloses no evidence that Brown satisfied this threshold requirement, the Court must deny her motion for appointment of counsel. This ruling does not prevent Brown from seeking appointed counsel in the future, after she has made the necessary efforts to find an attorney to take her case.

Brown moves for service of process at the government's expense (Doc. 4). Because the Court has determined that Brown may proceed in forma pauperis, the Court finds that she is entitled to the assistance of the Court and marshal in effecting service on Defendants. **28 U.S.C. § 1915(d)**.

Accordingly, the Court **GRANTS** Brown's motion to proceed *in forma pauperis* (Doc. 2) and **DENIES** without prejudice Brown's motion for appointment of counsel (Doc. 3). The Court **GRANTS** Brown's motion for service of process at the government's expense (Doc. 4). The undersigned Judge **DIRECTS** the Clerk of Court to prepare summonses for Defendants, East St. Louis School District #189, Princess Hayes and Theresa Saunders, and **DIRECTS** the United States Marshals Service to serve process herein. All costs of service shall be borne by the United States.

**IT IS SO ORDERED.**

**DATED this 10th day of May, 2007**

 **s/Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**